IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
JUNE 1997 SESSION

**FILED**

December 3, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| DAVID W. FELTS, | ) | No. 01C01-9608-CR-00344 |
| | ) | |
| Appellant | ) | |
| | ) | PUTNAM COUNTY |
| V. | ) | |
| | ) | HON. LEON C. BURNS, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Post-Conviction) |
| | ) | |
| | ) | |

For the Appellant:

David W. Felts
Morgan County Regional
 Correctional Facility
P.O. Box 2000
Wartburg, TN 37887

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Sarah M. Branch
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William Edward Gibson
District Attorney General

Benjamin W. Fann
Assistant District Attorney
145 S. Jefferson Avenue
Cookeville, TN 38501-3424

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, David W. Felts, appeals as of right the dismissal by the Putnam County Criminal Court of his petition for post-conviction relief. On appeal, appellant argues that he was entitled to the appointment of counsel and an evidentiary hearing; that he received the ineffective assistance of counsel; and that two of the indictments charging him were invalid. We affirm the trial court's denial of relief.

Appellant was indicted in 1993 and 1994 for rape of a child, aggravated sexual battery, three counts of forgery, three counts of passing a forged instrument and attempting to pass a forged instrument. Appellant gave a statement to authorities confessing to the child sexual abuse. Pursuant to a plea agreement, appellant pled guilty to the sexual offenses and two counts of forgery. The other charges were dismissed pursuant to the plea agreement. The agreement recommended a fifteen (15) year sentence for the rape of a child, eight (8) years for the aggravated sexual battery and two (2) years each for the forgery convictions. All sentences were to be served concurrently. On August 30, 1994, the trial court accepted the plea agreement and sentenced appellant accordingly.

On April 30, 1996,[1] appellant filed a post-conviction petition alleging the ineffective assistance of counsel. The State answered the petition and attached a copy of the transcript from the guilty plea hearing. After reviewing the petition, the answer, and the transcript, the trial court dismissed the petition without holding an evidentiary hearing. See Tenn. Code Ann. §40-30-209(a) (Supp. 1996). The trial court found that appellant's counsel was not deficient and that appellant's plea was voluntary.

---

[1]Appellant's petition was timely filed under our supreme court's ruling in Arnold Carter v. State, No. 03S01-9612-CR-00117 (Tenn. at Knoxville, September 8, 1997). Under the previous post-conviction act, appellant had three years from the date of his conviction to file a post-conviction petition. Tenn. Code Ann. §40-30-102 (repealed 1995). Because that time frame had not expired when the 1995 Post-Conviction Act took effect, appellant had one year from its effective date, May 10, 1995, in which to file his petition. Carter, Slip. op. at 6.

2

Appellant's claims that the trial court erred in failing to hold an evidentiary hearing and appoint counsel are without merit. Pursuant to Tennessee Code Annotated section 40-30-209, a trial court is obligated to review the entire case after the State files an answer to the petition. After reviewing the petition, the response, files, and records, if the court determines that the petitioner is not entitled to relief, the court *shall* dismiss the petition. Id. (emphasis added). The record reflects that the trial court followed this procedure and, therefore, committed no error.[2]

Appellant also contends that he was denied the effective assistance of counsel at his guilty plea hearing. Appellant claimed that his counsel was ineffective in failing to properly investigate the case, prepare for trial, and consult with the appellant. However, in its order of dismissal, the trial court noted appellant's statement at the guilty plea hearing that he was satisfied with his counsel. Appellant also indicated that he knew of nothing that counsel should have done but failed to do.

Appellant also alleged that his counsel was ineffective in failing to fully explain the right of self-incrimination prior to his entry of a guilty plea. We note, as the trial court did, that during the guilty plea hearing appellant affirmatively stated that he understood his right against self-incrimination and that he had discussed that right with his attorney. Moreover, the trial court explained that right to the appellant and he affirmatively indicated his understanding.

In addition, appellant alleges his counsel coerced him to plead guilty by failing to give meaningful advice about the consequences of his guilty plea.[3] However, the guilty plea transcript indicates that the trial court thoroughly and carefully explained to appellant the relinquishment of rights and the consequences of pleading guilty, including enhancement of any later sentence, discretion of the parole board in early

---

[2]We note that the same trial judge presided over the guilty plea hearing and the post-conviction proceeding. As a result, he was familiar with the circumstances surrounding appellant's case.

[3]Appellant raises several other instances of ineffective assistance of counsel in his brief. However, because these were not included in his original petition, they are not appropriate for appellate review.

3

release, and the likelihood that he would serve the sentence day-for-day as a sex offender. As a result, we cannot say that appellant was not fully informed about the consequences of his plea.

Finally, appellant challenges the validity of the two indictments charging him with rape of a child and aggravated sexual battery. He claims that they failed to allege the requisite *mens rea* and were fatally deficient, relying on State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996).[4] In its review of that case, the supreme court recently reversed the ruling of this Court. State v. Roger Dale Hill, Sr., No. 01S01-9701-CC-0005 (Tenn. at Nashville, November 3, 1997). Recognizing that modern statutory codes seek to avoid the hypertechnical nature of common law pleading, the court found that the omission of the *mens rea* from an offense is not always fatal to the indictment. Slip op. at 5-6. Where the *mens rea* can be inferred from the criminal conduct alleged, the indictment conforms to statutory requirements, and meets constitutional requirements of notice, an indictment is sufficient. Slip op. at 3. Accordingly, we find that the *mens rea* for the indictments charging appellant with rape of a child and aggravated sexual battery can be reasonably inferred from the conduct alleged. Appellant's issue is without merit.

Our review indicates that the trial court's findings in the order of dismissal are fully supported by the record. Accordingly, we affirm the dismissal of appellant's petition for post-conviction relief.

---

[4]The Hill opinion was not released until after appellant's petition was filed. His petition did allege that his attorney failed to advise him about the elements of the offense and specifically the intent requirement. However, the Hill issue was fully addressed in appellant's briefs and various motions before this Court. Because of the *pro se* nature of the proceedings, we believe the issue has been properly preserved for appellate review.

_____
William M. Barker, Judge

_____
Joe B. Jones, Presiding Judge

_____
Thomas T. Woodall, Judge